# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| **FRANCISCO CASTANEDA,** | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | **EP-19-CV-185-PRM** |
| | § | |
| **JAMES D. LUCAS,** | § | |
| **Defendant.** | § | |

## MEMORANDUM OPINION AND ORDER

On this day, the Court considered Plaintiff Francisco Castaneda's [hereinafter "Plaintiff"] 42 U.S.C. § 1983 "Civil Rights Complaint" (ECF No. 3) [hereinafter "Complaint"], filed on July 23, 2019; the "Report and Recommendation of Magistrate Judge" (ECF No. 5) [hereinafter "Report and Recommendation"], entered on July 24, 2019; and Plaintiff's "Motion to Object to; and Traverse Magistrate Judge's Proposed Findings" (ECF No. 15) [hereinafter "Objections"], filed on September 4, 2019. For the reasons discussed below, the Court concludes that it will overrule Plaintiff's Objections, accept the Magistrate Judge's Report and Recommendation, and dismiss Plaintiff's Complaint.

## I.   PLAINTIFF'S COMPLAINT

Plaintiff alleges in his Complaint that his retained attorney, Defendant James D. Lucas, failed to keep him informed of the status of his state habeas application and, as a result, he missed the deadline for filing a federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Compl. 4. Plaintiff asks the Court to order Defendant to return a $12,000 retainer, fashion a remedy for his lost opportunity to file a § 2254 petition, and enjoin Defendant from using the title "attorney." *Id.*

## II.   THE REPORT AND RECOMMENDATION

The Magistrate Judge to whom the Court referred this matter recommends that the Court dismiss Plaintiff's lawsuit, pursuant to the screening provisions of 28 U.S.C. § 1915(e)(2)(B), because it is frivolous. R. &. R. 1; *See* 28 U.S.C. § 636(b)(1)(B) (permitting a district court, on its own motion, to refer a pending matter to a United States Magistrate Judge for a report and recommendation). The Magistrate Judge explains that "'[t]here is no [Sixth Amendment] constitutional right to an attorney in state post-conviction proceedings." *Id.* at 4 (citing

*Coleman v. Thompson*, 501 U.S. 722, 752 (1991)). Thus, "a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." *Id.* Furthermore, the Magistrate Judge notes that the Antiterrorism and Effective Death Penalty Act "specifically provides that '[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.'" *Id.* at 5–6 (citing 28 U.S.C. § 2254(i)). Finally, the Magistrate Judge suggests that, "[t]o the extent Plaintiff's allegations raise a claim of legal malpractice or a breach of contract claim, the bases of such claims do not arise from the United States Constitution or federal statutes or treaties, which would provide the Court with federal question jurisdiction over the claims." *Id.* at 6 (citing 28 U.S.C. § 1331). Accordingly, the Magistrate Judge recommends that the Court "decline to exercise supplemental jurisdiction over Plaintiff's state law claims of legal malpractice and breach of contract." *Id.* at 7.

## III. PLAINTIFF'S OBJECTIONS

Plaintiff expands on his Complaint and explains in his Objections that he "was denied his right to present his State conviction for Federal Habeas Corpus review . . . by Defendant's negligent actions." Objs. 2–3. Thus, "his 6th U.S.C. Amendment right to the effective assistance of counsel [was] abridged." *Id.* at 5. Additionally, Plaintiff argues that "due to defendant's negligence, he . . . has suffered egregious harm and injury." *Id.* at 6. Lastly, Plaintiff maintains that Defendant "as an agent of the state judiciary, through his being an 'officer' to the court, . . . allowed the balance between the State and Plaintiff to become 'ONE SIDED', thereby causing a hurdle . . . before Plaintiff." *Id.* at 6.

## IV. APPLICABLE LAW

A party who files timely written objections to a magistrate judge's report is entitled to a de novo determination as to those portions of the report to which the party objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, the objections must specifically identify those findings or recommendations which the party wishes the Court to consider. 28 U.S.C.§ 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2); W.D. Tex.

Local R. app. C Rule 4(b). Additionally, the Court need not consider "frivolous, conclusive, or general objections." *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc)). As to the other portions of the report, or if a party does not file written objections, the Court applies a "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). After completing its review, the Court may accept, reject, or modify the report, in whole or in part. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

## V.   ANALYSIS

"To state a claim under section 1983, a plaintiff must allege facts tending to show (1) that he has been 'deprived of a right secured by the Constitution and the laws of the United States,' and (2) that the deprivation was caused by a person or persons acting 'under color of' state law." *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999) (quoting *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978)). However, "[w]here a government official's act causing injury to life, liberty, or

property is merely negligent, 'no procedure for compensation is constitutionally required.'" *Daniels v. Williams*, 474 U.S. 327, 333 (1986) (quoting *Parratt v. Taylor*, 451 U.S. 527, 548 (1981), *overruled by Daniels*, 474 U.S. 327). Furthermore, "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983." *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988). Only "private attorneys who have conspired with state officials may be held liable under section 1983 even though the state officials with whom they conspire are themselves immune from suit." *Id.*

Plaintiff expands on his claims in his Objections. He alleges that his retained attorney's actions were negligent, not intentional. Plaintiff provides no evidence that his counsel conspired with state officials or was somehow a state actor. Therefore, based on his expanded claims in his Objections, Plaintiff is not entitled to compensation under § 1983. *Daniels*, 474 U.S. at 333; *Mills*, 837 F.2d at 679.

## VI. CONCLUSIONS AND ORDERS

Accordingly, the Court concludes that Plaintiff's federal law claims are frivolous. Furthermore, the Court determines that it will not exercise supplemental jurisdiction over Plaintiff's state law legal malpractice and breach of contract claims.

After due consideration, having completed a de novo review, the Court is of the opinion that the Magistrate Judge's proposed findings of fact and conclusions of law are legally sufficient, and that the Court should accept his recommendations.

**IT IS ORDERED** that Plaintiff Francisco Castaneda's objections in his "Motion to Object to; and Traverse Magistrate Judge's Proposed Findings" (ECF No. 15) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the "Report and Recommendation of Magistrate Judge" (ECF No. 5) is **ACCEPTED**.

**IT IS FURTHER ORDERED** that Plaintiff Francisco Castaneda's federal law claims in his 42 U.S.C. §1983 "Civil Rights Complaint" (ECF No. 3) are **DISMISSED WITH PREJUDICE** and his state law claims are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED**.

**IT IS FURTHER ORDERED** that the dismissal of Plaintiff Francisco Castaneda's Complaint will count as a **"STRIKE"** pursuant to 28 U.S.C. § 1915(g).[1] The Clerk will therefore provide a copy of this order to the Operations Department for the Western District of Texas. The Court **ADVISES** Castaneda that should he accumulate three strikes, he may be required to pay the full filing fee when filing additional civil actions or appeals, unless he demonstrates that he is in imminent danger of serious physical injury.

---

[1] *See* 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.").

**IT IS FINALLY ORDERED** that the District Clerk shall

**CLOSE** this case.

SIGNED this _27_ day of September 2019.

 

_____
PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE